WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

BOB GROBE,
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS,
CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. S. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER



# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

January 16th, 1939

Hon. Hazel H. Beckham, Executive Secretary
State Commission for the Blind
State Office Building
Austin, Texas

Amended by O-653

in part

Dear Madam:

Opinion No. O-118-R
Re: Construction of Article
2968a as the same applies
to blind persons

Your request for an opinion as to whether
or not it is necessary for a blind person to have
an exemption certificate in order to vote in the
primaries and in the general election in towns of
less than 10,000 population, has been received by
this office.

Article 2960, Revised Civil Statutes of
Texas, provides that a blind person is entitled to
vote without the payment of a poll tax, if he has
obtained his certificate of exemption from the Coun-
ty Tax Collector when the same is required by pro-
visions of law.

Article 2968 provides that every person
who is exempt by law from the payment of a poll tax
and resides in a city of 10,000 inhabitants or more,
must have an exemption certificate.

Article 2968a provides, in part, as follows:

"Every person not subject to the dis-
qualifications set out in Article 2954 of
the Revised Civil Statutes of 1925, who
does not reside in a city of 10,000 inhabi-
tants or more, and who is exempt from the
payment of a poll tax by reason of the fact
that he or she has not yet reached the age
of 21 years on the first day of January pre-
ceding its levy, or who is exempt from the
payment of a poll tax because he or she was
not a resident of the state on the first day

of January preceding its levy, but who
shall have since become eligible to vote
by reason of length of residence or age,
shall, on or before the 31st day of Janu-
ary of the year in which he or she offers
to vote, obtain from the Assessor or Col-
lector of taxes for the county of his or
her residence, a certificate of exemption
upon the payment of a poll tax, and no such
person who has failed to refuse to obtain
a certificate of exemption from the payment
of a poll tax shall be allowed to vote."

The caption to Article 2968a as enacted by
the 44th Legislature of the State of Texas, Regular
Session, reads in part as follows:

* * * * * "providing for the issu-
ance of a certificate of exemption with-
out cost to certain qualified voters not
subject to the payment of a poll tax* * *".

It is our opinion that voters who are other-
wise qualified, but who are blind and reside in a city
of 10,000 inhabitants or less, are entitled to vote
without an exemption certificate. It is our opinion
that Article 2968a only requires an exemption certifi-
cate for persons who are exempt from the payment of a
poll tax by reason of the fact that he or she has not
reached the age of 21 years on the first day of Janu-
ary preceding its levy or who is exempt from the pay-
ment of a poll tax because he or she was not a resident
of the State on the first day of January preceding its
levy. The caption of this bill states that its purpose
is to provide for an exemption certificate for certain
persons and the body of the bill itself only states
that the two classes above named shall have an exemp-
tion certificate, and it is our opinion that it was the
intention of the Legislature to only require an exemp-
tion certificate for the two classes named and not for
blind persons.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Assistant

RHC:ob

APPROVED

ATTORNEY GENERAL OF TEXAS